IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3200-D

| | | |
|---|---|---|
| MAURICE STROUD, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER** |
| C/O POWELL, et al., | ) ) ) | |
| Defendants. | ) | |

Maurice Stroud, a state inmate, brings this action under to 42 U.S.C. § 1983 alleging violations of his Eighth and Fourteenth Amendment rights [D.E. 1]. Stroud proceeds in forma pauperis [D.E. 2]. On November 18, 2010, the court reviewed the complaint and allowed the action to proceed [D.E. 5]. On April 27, 2011, defendants Boyd and Grandy[1] answered the complaint [D.E. 12] and submitted copies of Stroud's grievances [D.E. 13]. On May 16, 2011, defendants Boyd and Grandy filed a motion for judgment on the pleadings [D.E. 14]. On June 6, 2011, Stroud responded in opposition [D.E. 16]. As explained below, the court denies the motion for judgment on the pleadings and directs plaintiff to file a response indicating whether he has served defendants Powell, Matthews, and Carver.

I.

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is designed to dispose of cases when the material facts are not in

---

[1] In his complaint, plaintiff spells this defendant's name as Grandon. In his answer, this defendant spells his name as Grandy. The court uses the defendant's spelling of his name.

dispute; therefore, the court can decide a case on the merits by considering the pleadings along with any materials referenced in or attached to the pleadings, which are incorporated by reference. See Fed. R. Civ. P. 10(c), 12(c). Moreover, a court may consider "documents incorporated into the [pleadings] by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005); Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991).

The same standard applies to a motion for judgment on the pleadings under Rule 12(c) as for a motion to dismiss under Rule 12(b)(6). See Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405–06 (4th Cir. 2002). In analyzing a motion for a judgment on the pleadings, a court must determine whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 131 S. Ct. 3059 (2011); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In evaluating a motion for judgment on the pleadings, the court accepts the complaint's factual allegations as true, but need not accept a complaint's legal conclusions drawn from the facts. Iqbal, 129 S. Ct. at 1949–50; Giarratano, 521 F.3d at 302. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted).

Plaintiff, who is represented by counsel, names as defendants several correctional officers at Polk Correctional Institution, alleging that they subjected him to cruel and unusual punishment and to punishment without due process of law. Specifically, Stroud alleges that on November 28,

2

2007, in the course of being transferred from "a single cell in the most secure sector of Polk Correctional Institution[,]" defendant Powell "repeatedly struck him in the face, resulting in among other injuries, a broken jaw." Compl. ¶¶ 6–10. Stroud further alleges that while Powell assaulted him, "the [other] Defendants acted in concert with one another, in mutual support and agreement for the deprivation of Plaintiff's rights under the Constitution of the United States and the Constitution and laws of North Carolina." Id. ¶ 11. Defendants Grandy and Boyd seek dismissal of the complaint for failure to exhaust administrative remedies. Specifically, defendants Grandy and Boyd assert that the grievance Stroud filed and perfected was insufficient in detail to assert a claim for excessive force. Mem. Supp. 12(c) Mot. [D.E. 15] 9.

The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84–85 (2006). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002); see Jones v. Bock, 549 U.S. 199, 211 (2007). Moreover, a prisoner must exhaust administrative remedies regardless of the relief offered through administrative procedures. See Booth v. Churner, 532 U.S. 731, 741 (2001). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

Section 1997e(a) requires an inmate to exhaust his administrative remedies before filing suit. See id.; Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003). When an inmate files suit early, courts typically dismiss the action without prejudice. See, e.g., Ford, 362 F.3d at 401; Johnson v. Cannon, C.A. No. 4:08-776-PMD, 2010 WL

3

936706, at *8 (D.S.C. Mar. 15, 2010) (unpublished); Shouse v. Madsen, No. 7:09-cv-00461, 2010 WL 276543, at *1–2 (W.D. Va. Jan. 19, 2010) (unpublished). A dismissal without prejudice allows the prisoner an opportunity to exhaust the administrative process and then file a new suit, if the prisoner so chooses. Failure to exhaust is an affirmative defense that a defendant must plead and prove. See, e.g., Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 681 (4th Cir. 2005).

Requiring exhaustion gives prison officials "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court" and leads to the preparation of a useful administrative record. Jones, 549 U.S. at 204. Grievances must be sufficient in detail to "alert[] the prison to the nature of the wrong for which redress is sought." Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002);[2] see, e.g., Moore v. Bennette, 517 F.3d 717, 721–23, 728–29 (4th Cir. 2008). However,

> [a] grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact necessary to prove each element of an eventual legal claim. The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.

Griffin, 557 F.3d at 1120.

Here, defendants Grandy and Boyd have submitted evidence that Stroud's grievance stated as follows:

> On 11-28-2007 I was asked to place may hands out upon being awakened by c/o Powell and others. I asked why, they didnt [sic] know per them. Then they suited up and supervisor Sgt Grand[y] asked me to place my hands out and I refused, they then opened Door and upon them doing so, **I laid down and was then beaten for 3-5 minutes.** I was then escorted to special housing cell-sc98 **and got beat some more while fully restrained**. And was later treated by PA Gloria Harvey, Nurse Edwards, Nurses Moorehead. Then due to massive swelling and or hemorrhaging,

---

[2] The Second, Fifth, Sixth, Ninth, and Tenth Circuits have adopted the Strong standard. See Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (collecting cases).

4

> it was determined that I had to have outside emergency treatment which was provided 24 hours later.
>
> **C/O's A. Matthews, Powell, Carver, Boyd (white male c/o) and other unknown to me were part of extraction team. Sgt. Grand[y] was present with c/o Barber holding video monitor.**

Answer, Ex. A (emphases added).

In its Step Three response to Stroud's grievance, the Department of Correction responded as follows:

> Maurice Stroud filed this grievance on 04/24/08 at Polk Correctional Institution. **He stated that staff used force on him on 11/28/07 and since then, he is being harassed by staff.**

Id. (emphasis added). Thus, the court concludes that Stroud's grievance was sufficient in detail to alert defendants to the claims he now asserts in his complaint. Stroud named the persons involved in the incident, alleged that he was improperly assaulted while in restraints, and described severe injuries.

Next, the court addresses whether plaintiff has served defendants Powell,[3] Matthews, and Carver. Proper service of process (or waiver of service under Rule 4(d)) is necessary for the court to exercise personal jurisdiction over a defendant. See, e.g., Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). Under Rule 4(m), if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court must dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time, unless the plaintiff can show good cause. Fed. R. Civ. P. 4(m). Additionally, "proof of service must be made to the court." Fed. R. Civ. P. 4(*l*). Accordingly, the

---

[3] It appears from defendants Grandy and Boyd that plaintiff has served Powell, see Answer 1; however, plaintiff has not filed proof of service as required by Rule 4(*l*), see Fed. R. Civ. P. 4(*l*).

5

court directs Stroud to either file proof of service on defendants Powell, Matthews, and Carver, or show good cause why the court should not dismiss Stroud's claims against these defendants without prejudice. Stroud shall file either proof of service or other response to this order by December 14, 2011. After Stroud files his response, the court will enter a scheduling order.

II.

As explained above, the court DENIES the motion for judgment on the pleadings [D.E. 14], and DIRECTS plaintiff to file either proof of service or otherwise respond to this order by December 14, 2011.

SO ORDERED. This **28** day of November 2011.

JAMES C. DEVER III
Chief United States District Judge