IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-03200-D

| | |
|---|---|
| MAURICE STROUD, | ) |
| Plaintiff, | ) |
| v. | ) **PROTECTIVE ORDER** |
| C/O POWELL, et al., | ) |
| Defendants. | ) |

THIS CAUSE coming on to be heard before the undersigned and being heard, the Court finds the following facts:

1. On January 27, 2012, the Court conducted a status hearing at which it directed the North Carolina Attorney General's office to provide current home address and other identifying information of Defendants Anthony Matthews and David Carver, both former employees of the North Carolina Department of Correction ("DOC"), to Plaintiff's attorney for purposes of service of process upon them. (DE-24).

2. To comply with the Court's order the Attorney General would have to produce information which may be subject to claims of privilege and confidentiality. Additionally, dissemination of the identifying information of Defendants Anthony Matthews and David Carver to the Plaintiff, a DOC inmate, may present security concerns.

3. The parties have negotiated the terms of a mutually acceptable Agreed Protective Order to ensure that the information provided will be used only for the purposes authorized by the Court and not revealed to Plaintiff personally or otherwise publicly disseminated.

1

The Court hereby adopts those terms and ORDERS as follows:

1. All information produced by the Attorney General shall be used solely for the purpose of identifying and locating Defendants Anthony Matthews and David Carver in order to complete service of process upon them in the above captioned case and shall not be used or disclosed by any person for any other purpose;

2. The information produced by the Attorney General may be revealed only to Plaintiff's attorney of record and members of his staff, and shall not be disclosed by same to any other person, including, but not limited to the Plaintiff or members of his family, without either written authorization from the Attorney General or Order of this Court.

3. Any information produced by the Attorney General which because of any requirement of law may not be disclosed without an order from a court of competent jurisdiction, is, if disclosed subject to the terms of this Order, disclosed pursuant to the order of a court of competent jurisdiction.

DONE AND ORDERED in Chambers at Raleigh, North Carolina this 1st day of February, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE