IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3200-D

MAURICE STROUD,            )
                           )
            Plaintiff,     )
                           )
      v.                   )            **ORDER**
                           )
C/O POWELL, et al.,        )
                           )
            Defendants.    )

Maurice Stroud, a state inmate, brings this action under 42 U.S.C. § 1983 alleging violations of his Eighth and Fourteenth Amendment rights [D.E. 1]. Stroud proceeds in forma pauperis [D.E. 2]. On November 18, 2010, the court reviewed the complaint and allowed the action to proceed [D.E. 5]. On May 16, 2011, defendants Boyd and Grandy filed a motion for judgment on the pleadings [D.E. 14], which the court denied on November 28, 2011 [D.E. 17]. On April 23 and May 16, 2012, defendants Matthews and Carver filed motions for judgment on the pleadings [D.E. 37, 44]. On August 31, 2012, Stroud refused to accept mail from the court [D.E. 45]. On September 20, 2012, counsel for Stroud filed a motion to withdraw as attorney of record [D.E. 46], noting that Stroud had refused to accept mail from her concerning the case on multiple occasions and refused to meet with an attorney from her office. Stroud did not file any response to the motion, and on October 23, 2012, the court granted the motion to withdraw and permitted Stroud additional time to respond to the motions for judgment on the pleadings [D.E. 47]. In so doing, the court cautioned Stroud that his failure to respond may result in the dismissal of his claims against those defendants. Id. Stroud has not filed any response to the motions, and the time within which to do so has expired. Additionally, on October 25, 2012, Stroud was transferred to Scotland Correctional Institution, and

has not informed the court of his new address, as required by Local Civil Rule 83.3. See N.C. Dep't of Pub. Safety, Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0393967&searchOffenderId=0393967&listurl=pagelistoffendersearchresults&listpage=1 (last visited Dec. 18, 2012). As explained below, the court denies the motions for judgment on the pleadings and directs Stroud to show cause why this action should not be dismissed for failure to prosecute.

Defendants Matthews and Carver "adopt[] by reference the Motion for Judgment on the Pleadings of Defendant Grandy and Boyd . . . and the Memorandum in Support thereof . . . . so as to preserve [their] procedural and substantive rights." Matthews Mot. [D.E. 37] 1; Carver Mot. [D.E. 44] 1. The court already discussed the standard for consideration of a motion for judgment on the pleadings, and "conclude[d] that Stroud's grievance was sufficient in detail to alert defendants to the claims he now asserts in his complaint." Order [D.E. 17] 2–3, 5. Stroud's grievance specifically named defendants Matthews and Carver. Matthews Answer, Ex. A [D.E. 38-1]; Carver Answer, Ex. A [D.E. 43-1]. Thus, the court denies the motions for judgment on the pleadings.

However, it appears that Stroud no longer wishes to prosecute this action. As noted, he has refused mail from the court and his attorney, failed to respond to motions, and failed to inform the court of his change of address. Therefore, Stroud shall show cause not later than January 2, 2013, 2012, why the action should not be dismissed for failure to prosecute. If Stroud fails to respond, the action shall be dismissed without prejudice.

In sum, the court DENIES the motions for judgment on the pleadings [D.E. 37, 44], and DIRECTS Stroud to show cause on or before January 2, 2013, why this action should not be dismissed without prejudice for failure to prosecute. The clerk shall send a copy of this order to Stroud at his current place of incarceration.

2

SO ORDERED. This _20_ day of December 2012.

                                                      JAMES C. DEVER III
                                                      Chief United States District Judge